**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7281**

JAMIER STEVEN HEARD,

Petitioner - Appellant,

v.

ERIK A. HOOKS,

Respondent - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:19-cv-00268-FDW)

Submitted:  November 19, 2020                    Decided:  November 24, 2020

Before WILKINSON, KING, and QUATTLEBAUM, Circuit Judges.

Remanded by unpublished per curiam opinion.

Jamier Steven Heard, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamier Steven Heard seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 petition. In civil cases, parties have 30 days after the entry of the district court's final judgment to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The district court entered its judgment on May 28, 2020. Heard filed the notice of appeal on August 18, 2020.[1] Therefore, Heard's notice of appeal is clearly untimely.

However, under Fed. R. App. P. 4(a)(6), the district court may reopen the time to file an appeal on a party's motion if: (1) the moving party did not receive notice of entry of judgment within 21 days after entry; (2) the motion is filed within 180 days of entry of judgment or within 14 days after the moving party receives notice from the court, whichever is earlier; and (3) no party would be prejudiced. We construe Heard's notice of appeal, which suggests that he did not timely receive notice of the court's order, as a motion to reopen the appeal period under Fed. R. App. P. 4(a)(6). Accordingly, we remand

---

[1] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Heard could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

this case to the district court for the limited purpose of determining whether Heard is entitled to reopening of the appeal period.[2] The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*

---

[2] We express no opinion as to whether Heard is entitled to a reopening of the appeal period and leave that determination to the district court in the first instance.